■ CHRISTIAN RODGERS, Appellant, v CITY OF NEW YORK et al., Defendants, and TULLY CONSTRUCTION CO., INC., Respondent. [914 NYS2d 245]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), dated September 28, 2009, as, upon reargument, in effect, vacated a prior determination in an order of the same court dated January 12, 2009, denying that branch of the cross motion of the defendant Tully Construction Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and, thereupon, granted that branch of the cross motion.

Ordered that the order dated September 28, 2009, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated January 12, 2009, denying that branch of the cross motion of the defendant Tully Construction Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is adhered to.

On the afternoon of November 17, 2001, the plaintiff allegedly tripped and fell over a depression in the sidewalk on the north side of Union Street between 5th and 6th Avenues, in Brooklyn. It is undisputed that, as recently as two days prior to the occurrence, the defendant Tully Construction Co., Inc. (hereinafter Tully), was performing excavation work on the north side of Union Street between 5th and 6th Avenues. Moreover, Tully admitted that, on the day of the occurrence, it had performed work in close proximity to the accident site at 5th Avenue, between Union Street and Douglass Street. At his deposition, the transcript of which Tully submitted in support of its cross motion for summary judgment, the plaintiff described the depression as extending all the way from the roadway to the building line, three feet wide and five inches deep, and looking like "it was part of construction."

The evidence submitted by Tully in support of its cross motion failed to eliminate all triable issues of fact as to whether it created the sidewalk defect which allegedly caused the plaintiff to trip and fall and thereby injure himself (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court, upon reargument, should have adhered to its original determination denying that branch of Tully's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.